**VIRGINIA:**

**IN THE CIRCUIT COURT OF LOUDOUN COUNTY**

| | | |
|---|---|---|
| **HARRY KAMIN,**<br>**Individually and Derivatively on behalf of**<br>**BNG GROUP LLC**<br>**Plaintiff,** | : | |
| **v.** | : | **Case No: CL21-1557** |
| **VALERIA GUNKOVA**<br>**Defendant.** | : | |

**PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL INSPECTION OF ELECTRONIC DEVICES FOR FORENSIC ANALYSIS**

COMES NOW, Plaintiff Harry Kamin ("**Mr. Kamin**"), by counsel, hereby files this Motion requesting the Court permit Mr. Kamin to conduct a forensic inspection of the company books and records of BNG Group LLC ("**BNG**") pursuant to Va. Sup. Ct. R. 4:9, Va. Sup. Ct. R. 4:12 and Va. Code § 13.1-1028, and in support thereof, states as follows:

1. This action was filed by Mr. Kamin against Defendant Valeria Gunkova ("**Ms. Gunkova**") relating to Mr. Kamin's rights as a member of BNG. Mr. Kamin contends that he and Ms. Gunkova are each a 50% Class A Member and co-Manager of BNG. Mr. Kamin's contentions are supported by the tax returns of BNG (filed at the direction of Ms. Gunkova) that reflect Mr. Kamin's membership interest as 50% (see attached **Exhibit A**).

2. Notwithstanding Mr. Kamin's 50% membership interest, Ms. Gunkova controls and maintains BNG's company books and records with the assistance of her boyfriend, Jacob Bogatin ("**Mr. Bogatin**"). Discovery in this litigation reveals that Ms. Gunkova and Mr. Bogatin use multiple computers and cell phones to conduct company business and store company books and records, including but not limited to (i) a desktop computer previously used by Mr. Bogatin; (ii) a desktop computer currently located at the Property owned by BNG and used by Ms. Gunkova and Mr. Bogatin; (iii) Ms. Gunkova's cellular phone paid for each month using BNG



PLAINTIFF'S EXHIBIT
B

funds; and (iv) Mr. Bogatin's cellular phone paid for each month using BNG funds (each a "**Company Device**").

**First Discovery Requests**

3. On March 24, 2021, Mr. Kamin issued his first set of interrogatories and requests for production of documents ("**1st Discovery**") to Ms. Gunkova, to which Ms. Gunkova served her Objections and Responses on April 16, 2021 and May 7, 2021 asserting inapplicable, boilerplate objections.

4. On May 12, 2021, Mr. Kamin filed his first Motion to Compel against Ms. Gunkova relating to the 1st Discovery. By Order dated June 7, 2021, the Honorable James Fisher granted Mr. Kamin's first Motion to Compel, overruled all objections asserted by Ms. Gunkova, and ordered Ms. Gunkova to produce full and complete responses by June 11, 2021.

5. Ms. Gunkova failed to comply with the Court's June 11, 2021 Order. As a result, on July 2, Mr. Kamin filed his first Motion for Contempt and Sanctions against Ms. Gunkova.

6. On August 4, 2021, the Honorable Jeannette Irby granted in part the first Motion for Contempt and compelled Ms. Gunkova to produce certain documents in response to the 1st Discovery on or before August 13, 2021.

7. On August 13, 2021, Ms. Gunkova provided supplemental responses to the 1st Discovery. Notwithstanding her supplementation, Ms. Gunkova failed to produce all documents as required by the Court's August 4, 2021 Order. Mr. Kamin notified Ms. Gunkova of her persistent deficiencies on August 16, 2021 and again on August 18, 2021. Ms. Gunkova failed to cure her deficiencies, and accordingly, on August 24, 2021, Mr. Kamin filed his second Motion for Contempt relating to Ms. Gunkova's violation of the August 4 Order.

**Second Discovery and Third Discovery Requests**

8. At issue in this case are numerous documents for which Mr. Kamin contends (and

forensic expert analysis confirmed) were forged by Ms. Gunkova and/or her agents (*see* Amended Complaint Exhibits A, H - S).

9. On June 4, 2021, Mr. Kamin propounded his Second Requests for Production of Documents (the "**2nd Discovery**"), with Ms. Gunkova's responses due on June 25, 2021. The 2nd Discovery included requests for all originals, copies, and ESI relating to the forged documents.

10. Ms. Gunkova failed to provide any responses to the 2nd Discovery and instead filed a Motion for Protective Order. On July 6, 2021, Mr. Kamin filed his second Motion to Compel against Ms. Gunkova.

11. On July 12, 2021, Mr. Kamin propounded his Third Requests for Production of Documents (the "**3rd Discovery**"), with Ms. Gunkova's responses due on August 2, 2021.

12. On August 4, Ms. Gunkova withdrew her Motion for Protective Order relating to the 2nd Discovery.

13. As of August 12, 2021, Ms. Gunkova had failed to respond to the 2nd Discovery and 3rd Discovery, and multiple attempts by Mr. Kamin to resolve Ms. Gunkova's outstanding discovery responses went unanswered by Ms. Gunkova. Accordingly, Mr. Kamin filed his third Motion to Compel.

14. On August 27, 2022, Ms. Gunkova, by counsel, agreed to provide Ms. Gunkova's responses to the 2nd Discovery and 3rd Discovery on or before September 3, 2021. Ms. Gunkova's promise was memorialized in an Order submitted to the Court on September 3, 2021 and entered on September 9, 2021.

15. On September 3, 2021, Ms. Gunkova served her Objections and partial Responses to the 2nd Discovery and 3rd Discovery. For the first time, Ms. Gunkova asserted that shea "suffered a ransomware attack which ultimately encrypted her files". No documents were produced by Ms. Gunkova at that time.

16. On September 10, 2021, Ms. Gunkova supplemented her production to include documents and *some* ESI regarding the forged documents.

17. In October 2021, as of a result of Mr. Kamin's claims that Ms. Gunkova continues to disregard his rights and refuse him full access to BNG records, this Court heard Mr. Kamin's request for Preliminary Injunction. In its October 15, 2021 ruling denying Mr. Kamin's injunction, the Court held:

> [Mr. Kamin] has an adequate remedy at law to obtain these records, which he's already taken advantage of, the rules of the Supreme Court which apply to all claims in a civil case under Part 4 of discovery, 4A, and pursuant to rule 4:9, [Mr. Kamin] issued a document request for BNG's financial records.

*See* **Exhibit B**, Tr. 25:13-19.

**<u>Fourth Discovery Requests</u>**

18. On November 16, 2021, in accordance with the Court's October 15, 2021 ruling, Mr. Kamin issued his Second Set of Interrogatories and Fourth Set of Requests for Production of Documents (together, the "**4th Discovery**").

19. On December 1, 2021, Mr. Kamin was accompanied by his computer forensic expert, J. Christopher Racich to the member's meeting scheduled by Ms. Gunkova. Mr. Kamin requested that Mr. Racich be permitted to review and inspect BNG's computer(s) and electronic files. Ms. Gunkova (by counsel) denied Mr. Kamin's request and represented that Ms. Gunkova would provide alternative dates for inspection.

20. On December 7, 2021, Ms. Gunkova provided partial responses to the 4th Discovery. On December 8, 2021, undersigned counsel sent a deficiency letter to counsel for Ms. Gunkova. The letter addressed the prior deficiencies with regards to the 1st Discovery, as well as the deficiencies noted in Ms. Gunkova's responses to the 4th Discovery.

21. On December 10, 2021, undersigned counsel emailed counsel for Ms. Gunkova to again inquire about available dates for inspection of the BNG files by Mr. Kamin's expert. On December

13, 2021, after counsel for Ms. Gunkova responded to other matters but failed to address Mr. Kamin's request for inspection, undersigned counsel again inquired through a formal letter to counsel for Ms. Gunkova. To date, Ms. Gunkova has failed to provide available dates for Mr. Kamin to inspect the files of BNG, including the Company's computer(s) and electronic files.

22. On December 13, 2021, undersigned counsel sent another final deficiency letter, yet Ms. Gunkova refused to cure her defects and rejected and/or ignored all requests by Mr. Kamin to inspect BNG's electronic devices.

23. Accordingly, on December 22, 2021, Mr. Kamin filed his third Motion to Compel, which included a request to allow Mr. Kamin to have a forensic analysis conducted of BNG computers and electronic devices.

24. Over the course of three hearings, this Court heard Mr. Kamin's third Motion to Compel. Relevant to this Motion, the Court granted Mr. Kamin's Motion with regards to the prior "data dumps" produced by Ms. Gunkova and compelled Ms. Gunkova to provide proper responses. Notwithstanding the Court's Orders, Ms. Gunkova has failed to:

a. properly identify by bates number each document produced in response to Request No. 7 and instead continued her "data dump" approach (*i.e.* –"all documents produced to date (GUNKOVA_000001-7306) 'relate' in some way to the assets and expenses of BNG...);

b. properly identify by bates label the backup documentation used to generate the document produced as GUNKOVA_006699-6700 in response to Interrogatory No. 20. Specifically, no documentation was provided for 52 transfers totaling over $265,700.00. Ms. Gunkova continued her "data dump" approach by identifying <u>all</u> bank statements as responsive. Ms. Gunkova did not identify or produce invoices related to payments made on behalf of BNG as reflected in GUNKOVA 6699-6700;

c. properly identify by bates label the documents she contends are responsive to Request No. 70. Specifically, no documentation was provided for 52 transfers totaling over $265,700.00. Ms. Gunkova failed to properly identify the Quickbooks records noting any of the transactions;

d. properly identify which transactions shown on the document produced as GUNKOVA_007224-7228 are responsive to Interrogatory No. 23 and identify by bates label the backup documentation used to generate the document produced as GUNKOVA_007224-7228. Specifically, 113 transactions were not included in response to Interrogatory No. 23.

e. properly identify by bates label the Quickbooks files and bank records she contends are responsive to Request No. 77. Specifically, Ms. Gunkova failed to produce invoices for 23 transactions and continued her data dump approach by bates labeling an entire Quickbooks file as GUNKOVA_010000-05 to appear as if it only five pages produced;

f. identify all payments made by ARIA to BNG from September 2019 to the present for services she contends were performed pursuant to the Contract for Services produced as GUNKOVA_006643-6645 in response to Interrogatory No. 24 and Request No. 78. In fact, for the first time ever, Ms. Gunkova took issue with the Interrogatory "as worded";

g. properly identify by bates label the Quickbooks files and bank records she contends are responsive to Request No. 78 and instead continued her data dump approach by bates labeling an entire Quickbooks file as GUNKOVA_010000-05 to appear as if it only five pages produced. Ms. Gunkova did not identify by bates label the documents used to generate GUNKOVA 6643-6645;

h. supplement her response to Interrogatory No. 25 to identify the proposed use of each transfer;

i. identify by bates label the backup documentation used to generate the document produced as GUNKOVA_6701 and identify by bates label the Quickbooks files and bank records she contends are responsive to Interrogatory No. 25 and Request No. 79. Instead, Ms. Gunkova continued her data dump approach by bates labeling an entire Quickbooks file as GUNKOVA_010000-05 to appear as if it only five pages produced;

j. identify all payments she contends were made from ARIA to BNG pursuant to the Loan Agreement produced as GUNKOVA_00640-6642 in response to Interrogatory No. 26;

k. identify by bates label the Quickbooks files and bank records Ms. Gunkova, by counsel, represented to the court were previously produced in response to Request No. 80;

l. properly identify by bates label the Quickbooks files and bank records she contends are responsive to Request No. 69. Specifically, instead of identifying the bank records and Quickbooks records by bates label, Ms. Gunkova responded, "Other than bank records indicating the transfers and the Quickbooks records noting the transactions in BNG's records, there are no other documents...";

m. produce and identify by bates label any application, supporting documentation or closing documents relating to the $150,000 SBA loan allegedly "esigned" by Mr. Kamin and produced by Ms. Gunkova in response to Request No. 85;

25. As set forth above, Mr. Kamin has issued discovery requests for such information (as directed by the Court's October 15, 2021 ruling), yet to date, Ms. Gunkova has failed to comply with all prior Court Orders compelling full discovery responses, and Mr. Kamin's rights to BNG information continue to be impeded and disregarded.

26. Va. Sup. Ct. R. 4:12 mandates that this Court enter sanctions against Ms. Gunkova for her violations of Rule 4:9 and this Court's prior Orders. Ms. Gunkova has taken advantage of this Court's prior gracious rulings merely compelling Ms. Gunkova to provide full and complete responses.

27. Mr. Kamin has also made written requests in the form of letters to Ms. Gunkova for information omitted from Ms. Gunkova's reports to Mr. Kamin whereby Ms. Gunkova asserts that she is keeping Mr. Kamin informed about the company business. ***See collectively,*** **Exhibit C.** Ms. Gunkova repeatedly ignored Mr. Kamin's requests and failed to even respond.

28. Ms. Gunkova continues to refuse Mr. Kamin access to all company books and records. Pursuant to Va. Code § 13.1-1028, Mr. Kamin as a member of BNG is entitled to inspect the company books and records of BNG, including those stored by Ms. Gunkova on various Company Devices.

29. Ms. Gunkova testified at her deposition that BNG creates and keeps its files on the Company Devices, including the forged documents. Ms. Gunkova also testified that while she contends she suffered a ransomware attack, a professional was not hired to see whether data could be recovered from the allegedly defective computers, and instead her and Mr. Bogatin "fixed" the problem by buying new computers. Ms. Gunkova admitted that she still has the computers that allegedly suffered the ransomware attack. *See* **Exhibit D.**

30. As will be explained by computer forensic expert J. Christopher Racich at a hearing on this Motion, the forgery of the documents is not difficult to accomplish and the metadata produced by Ms. Gunkova reveals that Ms. Gunkova's assertion alleging a ransomware attack is false. Mr. Racich will testify that even if a ransomware attack did occur, the documents alleged to be lost in the alleged ransomware attack are likely recoverable from the computer and that such metadata is highly relevant to the forgery claims asserted in this action. *See* **Exhibit B**, Tr. 5:2-9:6).

31. Pursuant to Va. Code § 13.1-1028 and Va. Sup. Ct. R. 4:9, Mr. Kamin is entitled to inspect the electronic devices that Ms. Gunkova and/or her agents used to either create or store BNG company books and records, including the numerous forged documents.

32. Additionally, "The Rules of the Supreme Court of Virginia grant great discretion to the circuit courts in their task of overseeing discovery...Under Va. Sup. Ct. R. 4:9, the court has the power to require a party to produce his actual computer hard drives so the other party can inspect and copy the writings, photographs, or data compilations stored therein." *Albertson v. Albertson,* 73 Va. Cir. 94 (Fairfax Co. 2007) (MacKay).

33. Mr. Kamin is willing to pay for the forensic inspection that he seeks. Ms. Gunkova will suffer no prejudice in allowing for Mr. Kamin to fully and properly obtain the discovery he seeks.

WHEREFORE, for the foregoing reasons, those stated in Mr. Kamin's prior pleadings, and those to be stated on the record at a hearing on this matter, Harry Kamin, individually and derivatively on behalf of BNG, respectfully requests this Court grant this Motion, allow Mr. Racich to conduct a forensic analysis of all electronic devices used to create and/or store BNG company information, and for any further relief this Court deems just and proper in favor of Harry Kamin and BNG.

**Respectfully submitted,**

**HARRY KAMIN,**
**Individually an d Derivatively**
**on behalf of BNG Group, LLC,**
**By Counsel**

Bethany R. Benes, VSB No. 85408
BETHUNE BENES, PLLC
3975 Fair Ridge Drive
South Terrace Suite 25C
Fairfax, VA 22033
Tel: (703) 260-9322
bbenes@bethunebenes.com
*Counsel for Harry Kamin*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was emailed (by agreement of counsel) on this 9th day of September 2022 to:

Jay McDannell, Esq.
jmcdannell@berliklaw.com
*Counsel for Defendant Valeria Gunkova*

Bethany Benes