**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| HARRY KAMIN,<br>Individually and on behalf of BNG Group LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VALERIA V. GUNKOVA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 23-01062-BFK |

**VALERIA GUNKOVA'S ANSWERS AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure made applicable to this proceeding pursuant to Bankruptcy Rule and Rule 7034 of the Federal Rules of Bankruptcy Procedure VALERIA GUNKOVA states the following as her objections to the First Request for Production of Documents served on her by Harry Kamin, individually and derivatively on behalf of BNG Group LLC:

**REQUESTS**

1. All statements, evidence reflecting receipt of funds, and proof of payment relating to SBA Loan No. 2496577907 sought and/or obtained on behalf of BNG from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information already produced in the case styled as *Kamin v. Gunkova*, Loudoun County Circuit Court, Virginia, Case #CL21-1557 (the "Loudoun Case") and as a result is designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records,

PLAINTIFF'S
EXHIBIT
F

namely the records of BNG Group, LLC, where BNG has, itself, has a Chief Restructuring Officer in place to oversee its operations. This Request is further objected to as it is unduly broad as the events in the Complaint related to the SBA loan related to occurrences in 2020 and any request after 2020 are unduly broad and burdensome.

**RESPONSE:** Without waiving the above objections, see GKBNK001- 07, and documents previously produced in response to Request for Production of Documents # 7 in the Loudoun County Case. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests.

2. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to SBA Loan No. 9760477903 sought and/or obtained on behalf of Sterling Investment from February 1, 2020 to the present.

**OBJECTION**: This Request is objected to as it seeks information already produced in the Loudoun Case and as a result is designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of Sterling Investment has, itself, filed for bankruptcy protection. This Request is further objected to as it is unduly broad as the events in the Complaint related to the SBA loan related to occurrences in 202 and any request after 2020 is unduly broad and burdensome.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. See also GKBNK008- 26, and documents previously produced in response to Request for Production of Documents # 25 in the Loudoun County Case.

3. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to SBA Application Nos. 330344919 from February 1, 2020 to the present.

**OBJECTION**: This Request is objected to as it seeks information already produced in the Loudoun Case and as a result is designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of Aria, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place. This Request is further objected to as it is unduly broad as the events in the Complaint related to the SBA loan related to occurrences in 2020/2021 and any request after 2020/21 is unduly broad and burdensome

. **RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any information related to SBA Application Nos. 330344919 that was not previously produced in the Loudoun County case.

4. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to SBA Application Nos. 3000170507 from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information already produced in the Loudoun Case and as a result is designed to harass and needlessly increased the costs of litigation in this case. This Request is further objected to as it is unduly broad as there are no allegations in the Complaint related to this alleged SBA and any request after unduly broad and burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

. **RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any information related to SBA Application Nos. 300017507 that was not previously produced in the Loudoun County case.

5. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to SBA Application Nos. 3000079088 from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information already produced in the Loudoun Case and as a result is designed to harass and needlessly increased the costs of litigation in this case. This Request is further objected to as it is unduly broad as there are no allegations in the Complaint related to this alleged SBA and any request after unduly broad and burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

. **RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any information related to SBA Application Nos. 300079088 that was not previously produced in the Loudoun County case.

6. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Madison One from February 1, 2020 to the present.

**OBJECTION**: This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This

Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Madison One, and "Madison One" is not identified leaving the term vague. This Request is also objected to as being multiple requests.

**RESPONSE:** Without waiving the above objections, see Response to Request for Production of Documents # 7 in the Loudoun County Case related to BNG. Ms. Gunkova does not have any additional information related to Madison One other than what was produced in the Loudoun County case., see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

7. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, Sterling Investment, VNJ, and/or you from Retail Capital from February 1, 2020 to the present.

**OBJECTION**: This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the

discovery of admissible evidence as there are no allegations in the complaint related to Retail Capital, and "Retail Capital" is not identified leaving the term vague. This Request is also objected to as being multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

8. All applications submitted to Reil Capital and/or Matthew Harris on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from February 1, 2020 to the present.

**OBJECTION**: This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as the Complaint alleges Mr. Harris and Reil Capital were contact to assist in financing the purchase of the building in 2020, and any temporal scope beyond 2020 or related to the purchase of the Building is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence. This Request is objected to as being multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

9. All proposals, supporting documentation, and communications relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Byline Bank from February 1, 2020 to the present.

**OBJECTION**: This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Byline Bank, and "Byline Bank" is not identified leaving the term vague. This Request is also objected to as being multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case., see Defendant's May 15, 2023 Supplemental Responses to Document

Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

10. All documents submitted via DropBox on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to Byline Bank from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 9.

RESPONSE: See response to Request 9.

11. All documents submitted via DropBox on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to Bank Five Nine from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as "Bank Five Nine" is not identified leaving the term vague, and the temporal scope is overly broad. This Request is objected to as being multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

12. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Commercial Capital Partners from February 1, 2020 to the present.

**OBJECTION.** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Commercial Capital Partners, and “Commercial Capital Partners” is not identified leaving the term vague.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant’s May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

13. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Commercial Loan Direct from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Commercial Loan Direct, and "Commercial Loan Direct" is not identified leaving the term vague. This Request is also objected to as multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

14. All documents submitted via DropBox on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to MT Bank from February 1, 2020 to the present.

OBJECTION: This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in

place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to MT Bank, and "MT Bank" is not identified leaving the term vague. This Request is objected to as multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

15. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Wells Fargo from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited

to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence. This Request is objected to as being multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

16. All documents submitted via DropBox on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to Wells Fargo from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 15.

**RESPONSE:** See Response to Request 15.

17. All documents submitted via DropBox on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to CBRE from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the

discovery of admissible evidence as there are no allegations in the complaint related to CBRE, and "CBRE" is not identified leaving the term vague. This Interogatory is objected to as being multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

18. All documents submitted via DropBox on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to Summit Community Bank from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Summit Community Bank.

19. All documents submitted via DropBox on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to Steve Forman from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and

VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Steve Forman.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

20. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Business Loan America from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This

Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Business Loan America, and "Business Loan America" is not identified leaving the term vague.

Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

21. All applications relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from FinWise bank from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to FinWise bank. This Request is objected to as being multiple requests.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the

Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

22. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from LendingClub from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Lending Club.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

23. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment related to any loan sought and/or obtained on behalf og BNG, ARIA, Sterling Investment, VNJ, and/or you from GlobalEnd Capital from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to GlobalEnd Capital, and "GlobalEnd Capital" is not identified leaving the term vague.

**RESPONSE**: Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

24. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Intuit Financial from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Intuit Financial.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

25. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to Intuit Financial from February 1, 2020 to the present.

**OBJECTION:** See objection to Request 24.

**RESPONSE:** See Response to Request 24.

26. All data, payroll reports, and records collected, obtained, and/or maintained for BNG via fingerprint machine (as testified to by you on May 9, 2023) from September 2019 to the present.

**OBJECTION:** This Request is objected to the extent the information sought has been previously provided in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG, This Request is also objected to it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence.

27. All check images for any financial account held in the name of BNG from September 1, 2019 to the present.

**OBJECTION:** This Request is objected to the extent the information sought has been previously provided, to the extent it exists, in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG, This Request is also objected to it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, since that time, the information has been equally or more available to Mr. Kamin that Ms. Gunkova.

28. All bank statements, ATM receipts, withdrawal receipts, deposit slips, checks, and wire transfers from September 1, 2019 to the present for EagleBank Account No. ending in 3975 held in the name of BNG.

**OBJECTION:** This Request is objected to to the extent the information sought has been previously provided in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG, This Request is also objected to it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests.

29. All contracts, invoices, and proof of payments to Health Pro Realty on behalf of BNG from September 2019 to the present.

**OBJECTION**: This Request is objected to the extent the information sought has been previously provided in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG, This Request is also objected to it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests.

30. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you to Sands Investment Group from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties

that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Sands Investment Group.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests and Document Request 13.

31. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you as reflected in the documents previously produced as GUNKOVA_58917, GUNKOVA_58949, GUNKOVA_58919, and GUNKOVA_58993 from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to the extent the information sought has been previously provided in the Loudoun Case. This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to information at issue in the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence

32. All documents and communications with Jacob Bogatin from September 1, 2019 to the present, including but not limited to emails, videos, photos, and text messages.

**OBJECTION**: This Request is objected to the extent the information sought has been previously provided in the Loudoun Case. This Request is objected to as it seeks information designed to harass, intimidate, and needlessly increased the costs of litigation in this case as it seeks all communications with Ms. Gunkova's boyfriend regardless of the nature of the communication. This Request is also objected to as the scope is overly broad as it is not limited to information at issue in the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** See documents produced in Loudoun County case; See Defendant's May 15, 2023 Supplemental Responses to Document Requests. See, also. GNKBNK0088-119.

33. All records from any Zelle account held by you or in your name from September 1, 2019 to the present, including but not limited to a complete transaction history reflecting the date, amount, and recipient of each transfer.

**OBJECTION:** This Request is objected to the extent the information sought has been previously provided in the Loudoun Case. This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as the scope is overly broad as it is not limited to information at issue in the present dispute. This Request is also objected to as the temporal scope is unreasonable as Mr. Kamin has admitted in the Complaint that his involvement with BNG and Ms. Gunkova did not occur until February 2020 and any transactions Ms. Gunkova engaged in during 2019 would not be reasonably calculated to lead to the discovery of admissible evidence. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence.

34. All records from any Venmo account held by you or in your name from September 1, 2019 to the present, including but not limited to a complete transaction history reflecting the date, amount, and recipient of each transfer.

**OBJECTION**: See Objection to Request 32.

35. All statements for Account No. ending in 8653 from January 1, 2019 to December 31, 2020, and January 1, 2023 to the present.

**OBJECTION**: This Request is objected to to the extent the information sought has been previously provided in the Loudoun Case. This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to to the extent it seeks third-party records. This Request is also objected to as the scope is overly broad as it is not limited to information at issue in the present dispute. This Request is objected to as being vague. This Request is objected to as the temporal scope is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence

36. All statements for Account No. ending in 2144 from January 1, 2019 to December 31, 2020, and January 1, 2023 to the present.

**OBJECTION**: See objection to Request 34.

37. All statements for Account No. ending in 4199 from January 1, 2019 to December 31, 2020, and January 1, 2021 to July 31, 2021, and January 1, 2023 to the present.

**OBJECTION:** See, objection to Request 34.

38. All statements for Account No. ending in 6038 from January 1, 2019 to December 31, 2020, and January 1, 2021 to July 31, 2021, and January 1, 2023 to the present.

**OBJECTION:** See, objection to Request 34.

39. All statements for Account No. ending in 0805 from January 1, 2022 to the present.

**OBJECTION:** See Objection to Request 34.

40. All statements for Account No. ending in 3379 from January 1, 2022 to the present.

**OBJECTION:** See Objection to Request 34.

41. All statements for Account No. ending in 5242 from January 1, 2019 to November 31, 2019, and January 1, 2022 to the present.

**OBJECTION:** See Objection to Request 34.

42. All statements for Account No. ending in 0401 from January 1, 2019 to May 31, 2020, and January 1, 2021to the present.

**OBJECTION:** See Objection to Request 34.

43. All statements for Account No. ending in 0675 from January 1, 2020 to May 31, 2020, and August 1, 2021 to the present.

**OBJECTION:** See Objection to Request 34.

44. All statements for Account No. ending in 0565 from September 1, 2019 to the present (as reflected in the document previously produced as GUNKOVA_59494).

**OBJECTION:** See Objection to Request 34.

**RESPONSE**: Without waiving this objection and in further answering, this account is not an account that Ms. Gunkova has possession, custody and control over and the only responsive document in her possession is GUNKOVA_59494

45. All statements for Account No. ending in 3975 from September 1, 2019 to the present (as reflected in the document previously produced as GUNKOVA_59494).

**OBJECTION:** See, Objection to Request 34.

**RESPONSE**: Without waiving this objection and in further answering, this account is not an account that Ms. Gunkova has possession, custody and control over and the only responsive document in her possession is GUNKOVA_59494

46. All statements for Account No. ending in 8677 from September 1, 2019 to the present (as reflected in the document previously produced as GUNKOVA_59494).

**OBJECTION:** See Objection to Request 34.

**RESPONSE**: Without waiving this objection and in further answering, this account is not an account that Ms. Gunkova has possession, custody and control over and the only responsive document in her possession is GUNKOVA_59494

47. All statements for Account No. ending in 8685 from September 1, 2019 to the present (as reflected in the document previously produced as GUNKOVA_59494).

**OBJECTION:** See Objection to Request 34.

**RESPONSE**: Without waiving this objection and in further answering, this account is not an account that Ms. Gunkova has possession, custody and control over and the only responsive document in her possession is GUNKOVA_59494

48. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from KeyPoint Credit Union from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_61383).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to KeyPoint Credit Union, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case.

49. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Slim Capital from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties

that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Slim Capital, the term “Slim Capital” is not defined making it vague, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see Defendant’s May 15, 2023 Supplemental Responses to Document Requests.

50. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Credibly from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_37966-67).

**OBJECTION**: This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Credibily, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case, see for example, GUNKOVA_39704 – 39755.

51. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from US Business Funding from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_55694-96).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case in April 2023, including GUNKOVA_055695 – 99.

52. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Financial Partners Group from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_61292).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as the temporal scope is unduly broad.

**RESPONSE:** GUNKOVA_061292 is a portion of an email with CBRE, First Citizen's Bank and Mr. Bogatin related to an attempted refinance of property in 2021, which refinancing effort as stated in the email was denied, it does not relate to Financial Partners Group. As a result, Ms. Gunkova has no documents responsive to this Request.

53. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from ForeFinancial from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_56510-11).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-

parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case in April 2023, including GUNKOVA_055510-13, 56536.

54. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Legend Advance Funding from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_56536 - 38).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Legend Advance Funding, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case in April 2023, including GUNKOVA_56536 -7.

55. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Better Mortgage Corp. from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_56606).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Better Mortgage Corp, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case in April 2023, including GUNKOVA_056605 – 06.

56. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Cheddar Credit from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_53774).

**OBJECTION**: This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ,

where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Cheddar Credit, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case in April 2023, including GUNKOVA_053776 - 787.

57. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Cross River Instant Funding from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_56626).

OBJECTION: This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This

Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Cross River Instant Funding, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional information other than what was produced in the Loudoun County case in April 2023, including GUNKOVA_056626.

58. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Mind Business Capital from February 1, 2020 to the present (as reflected in the document previously produced as BYLINEBANK 91).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Mind Business Capital, and the temporal scope is unduly broad.

**RESPONSE.** Without waiving this objection and in further answering, Ms. Gunkova does not have this third-party document (BYLINEBANK 91) and cannot respond to this Request.

59. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Cadence Bank from February 1, 2020 to the present (as reflected in the document previously produced as BYLINEBANK 650).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Cadence Bank, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving these objections and in further answering, Ms. Gunkova does not have this third-party document (BYLINEBANK650) and cannot respond to this Request.

60. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Mulligan Funding from February 1, 2020 to the present (as reflected in the document previously produced as GUNKOVA_61720-21).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Mulligan Funding, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, upon information and belief, Ms. Gunkova does not have any additional documents in her possession, custody or control other than what was produced in the Loudoun County case as the March 14, 2022 email GUNKOVA_061720. Document GUNKOVA_061721 related to Business Loan America and not Mulligan Funding.

61. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from RCS Commercial Funding from February 1, 2020 to the present (as reflected from the file "Aoolication.pdf" obtained from the prior Computer Forensic Results).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where

Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to RCS Commercial Funding, and the temporal scope is unduly broad

**RESPONSE:** Without waiving the above objections, Ms. Gunkova does not have any additional documents in her possession, custody or control other than what was produced in the Loudoun County case as part of the computer forensic investigation.

62. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Virginia Commonwealth Bank from February 1, 2020 to the present (as reflected from the file "BNG Group LLC Non Binding Term Sheet FEB 2020" obtained from the prior Computer Forensic Results).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the

discovery of admissible evidence as there are no allegations in the complaint related to Virginia Commonwealth Bank, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, Ms. Gunkova does not have any additional documents in her possession, custody or control other than what was produced in the Loudoun County case as part of the computer forensic investigation.

63. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from BayFirst National Bank from February 1, 2020 to the present (as reflected from the file "BOLT SBA 1919 – Valeria Gunkova_0002.pdf " obtained from the prior Computer Forensic Results).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to BayFirst National Bank, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, Ms. Gunkova does not have any additional documents in her possession, custody or control other than what was produced in the Loudoun County case as part of the computer forensic investigation.

64. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from PrideStaff from February 1, 2020 to the present (as reflected from the file " Commercial Account Credit Application CC12004_0002.pdf " obtained from the prior Computer Forensic Results).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Pridestaff, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, Ms. Gunkova does not have any additional documents in her possession, custody or control other than what was produced in the Loudoun County case as part of the computer forensic investigation.

65. All applications, supporting documents, statements, evidence reflecting receipt of funds, and proof of payment relating to any loan sought and/or obtained on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from Kapitus from February 1, 2020 to the present (as reflected from the file "Commercial Funding Application.pdf" obtained from the prior Computer Forensic Results).

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to loans by the third-parties that are in any way related to or linked to the subject matter of the present dispute. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations in the complaint related to Kapitus, and the temporal scope is unduly broad.

**RESPONSE:** Without waiving the above objections, Ms. Gunkova does not have any additional documents in her possession, custody or control other than what was produced in the Loudoun County case as part of the computer forensic investigation.

66. All invoices (privileged information which may be redacted) and proof of payment for attorney's fees incurred by you in the Loudoun Case, including but not limited to invoices for services rendered by J. Charles Curran, Faisal Moghul, Hariton Wilson, Lee Berlik, and/or Jay McDannell.

**OBJECTION**: This Request is objected to as it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Without waiving these objections, responsive information was previously produced and identified in the Loudoun County case, see Defendant's May 15, 2023 Supplemental Responses to Document Requests in response to Document Requests 18, 91 and 93.

67. All statements and phone records for phone number (215) 431-2670 from September 1, 2019 to the present relating to BNG, ARIA, Sterling Investment, VNJ, and/or you.

**OBJECTION:** This Request is objected to to the extent it seeks information already provided in the Loudoun County Case. This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is further objected to as it is unduly broad and not reasonably calculated to lead to the discovery of admissible evidence and the temporal scope is unduly broad as the events at issue occurred in 2020 and 2021.

**RESPONSE:** Without waiving the above objections, see Defendant's May 15, 2023 Supplemental Responses to Document Requests in the Loudoun Case to Document Request 94. Ms. Gunkova stands on her objection to phone records that have not previously been produced.

68. All statements and phone records for phone number (703) 344-3189 from September 1, 2019 to the present relating to BNG, ARIA, Sterling Investment, VNJ, and/or you.

**OBJECTION:** See Objection to Request 67.

**RESPONSE**: See Response to Request 67.

69. All statements and phone records for phone number (540) 351-5200 from September 1, 2019 to the present relating to BNG, ARIA, Sterling Investment, VNJ, and/or you.

**OBJECTION:** See Objection to Request 67.

**RESPONSE:** See Response to Request 67.

70. All statements and phone records for phone number (703) 587-2244 from September 1, 2019 to the present relating to BNG, ARIA, Sterling Investment, VNJ, and/or you.

**OBJECTION:** See Objection to Request 67.

**RESPONSE:** See Response to Request 67.

71. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you as reflected in the documents previously produced as GUNKOVA_55728-55737 from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to harass and needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome. This Request is also objected to as the temporal scope is unduly broad as the allegations in the Complaint relate to 2020 and 2021.

**RESPONSE:** Without waiving these objections, responsive information was previously produced and identified in the Loudoun County case, including GUNKOVA_055726-055751, 055756 – 60, 055758 – 9, 055798 – 055804 – 055809.

72. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you as reflected in the documents previously

produced as GUNKOVA_56084-85, 56092-93, 56098, 56538, and 56510-11 from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 71.

**RESPONSE:**

73. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you as reflected in the documents previously produced as GUNKOVA_56090 and GUNKOVA_56408 from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 71.

74. All documents submitted on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you via the "Accountant's import file" as referred to in the document previously produced as GUNKOVA_57639 from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 71.

**RESPONSE:** Ms. Gunkova has produced and provided supplemental production of the complete repository of BNG's financial information, its QuickBook file, which would have included any "Accountant's import file" if returned to BNG by the accountant in the Loudoun case native files were produced on 9/28/2021; 12/1/2021; 1/5/2022.; 24/202, and 3/6/22, in addition to Ms Kamin's forensic examination of all BNG's and Debtor's computers and ESI in that case, see also May 15 2023, Supplemental Discovery response to Request for Production.

75. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you as reflected in the documents previously produced as GUNKOVA_057728 from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 71.

**RESPONSE:** Without waiving the above objections and in further answering GUNKOVA_057728 refers to a request to a third-party to tender Aria QB information via Dropbox and not any submission made by Ms. Gunkova. Based on Gunkova_057737, it does not appear that any document was submitted via DropBox related to GUNKOVA_057728.

76. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you as reflected in the documents previously produced as GUNKOVA_57787 from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 71.

77. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you as reflected in the documents previously produced as GUNKOVA_57805-06 and GUNKOVA_58399 from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 71.

78. All documents submitted via DropBox and/or other electronic database on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you as reflected in the documents previously produced as GUNKOVA_57846 from February 1, 2020 to the present.

**OBJECTION:** See Objection to Request 71.

79. All Quickbooks files as reflected in the documents previously produced as GUNKOVA_058047; GUNKOVA_58177; GUNKOVA_58189; GUNKOVA_58365; and GUNKOVA_58386 from February 1, 2020 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks

information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome. This Request is also objected to as the temporal scope is unduly broad as the allegations in the Complaint relate to 2020 and 2021.

**RESPONSE**: Ms. Gunkova has produced and provided supplemental production of the complete repository of BNG's financial information, its QuickBook file, which would have included the referenced reports in the Loudoun case native files were produced on 9/28/2021; 12/1/2021; 1/5/2022.; 24/202, and 3/6/22, in addition to Ms Kamin's forensic examination of all BNG's and Debtor's computers and ESI in that case, see also May 15 2023, Supplemental Discovery response to Request for Production., and Responses to Request for Document 105 – 107.

80. All documents and communications sent to and/or received on behalf of BNG, ARIA, Sterling Investment, VNJ, and/or you from PRC Construction, Inc. from September 1, 2019 to the present.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG, Aria, Sterling Investment and VNJ, where Aria has, itself, filed for bankruptcy protection and has a Chief Restructuring Officer in place and

both Sterling Investment and VNJ have filed their own Bankruptcy Petitions. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome. This Request is also objected to as the temporal scope is unduly broad as the allegations in the Complaint relate to 2020 and 2021.

**RESPONSE:** Ms. Gunkova has produced and provided supplemental production of the complete repository of BNG's financial information and the related documents from Aria in response to Document Request 10 in the Loudoun County case. See, response to Document Requests 6, 7, 10, 12, 77 and 95 in the Loudoun County Case. Ms. Gunkova states there have been no additional responsive documents located since the May 2023 supplementation.

81. To permit for forensic inspection pursuant to the Order entered on October 25, 2022 in the Loudoun Case: Western Digital USB hard drive, Volume Serial number 28CEE36F, including all ESI from September 1, 2019 to the present.

**OBJECTION:** This Request is objected to as the forensic inspection under the Loudon Case inspection Order occurred on November 22, 2022, as evidenced by Exhibit 68 to the Complaint, Kamin_3324-47, and this request is designed to unnecessarily increase the cost of this litigation.

**RESPONSE:** After reasonable and diligent search, Ms. Gunkova is unable to locate any USB Drive matching the description set forth in Request 81 and states she has nothing responsive to this Request.

82. To permit for forensic inspection pursuant to the Order entered on October 25, 2022 in the Loudoun Case: Western Digital USB hard drive, Volume Serial number 64D14DA0, including all ESI from September 1, 2019 to the present.

**OBJECTION**: This Request is objected to as the forensic inspection under the Loudon Case inspection Order occurred on November 22, 2022, as evidenced by Exhibit 68 to the Complaint, Kamin_3324-47, and this request is designed to unnecessarily increase the cost of this litigation.

**RESPONSE:** After reasonable and diligent search, Ms. Gunkova is unable to locate any USB Drive matching the description set forth in Request 82 and states she has nothing responsive to this Request.

83. To permit for forensic inspection pursuant to the Order entered on October 25, 2022 in the Loudoun Case: USB device, Volume serial number of 3017966403&0, including all ESI from September 1, 2019 to the present.

**OBJECTION:** This Request is objected to as the forensic inspection under the Loudon Case inspection Order occurred on November 22, 2022, as evidenced by Exhibit 68 to the Complaint, Kamin_3324-47, and this request is designed to unnecessarily increase the cost of this litigation.

**RESPONSE:** After reasonable and diligent search, Ms. Gunkova is unable to locate any USB Drive matching the description set forth in Request 83 and states she has nothing responsive to this Request.

**Respectfully submitted,**

**VALERIA GUNKOVA**
**By Counsel**

/s/ Nancy D. Greene
Nancy D. Greene, VSB 38984
N D Greene PC
3977 Chain Bridge Rd, Suite 1
Fairfax, VA 22030
T. (703) 539-0333/ F. (703) 935.4294
ndg@ndglaw.com

**Certificate of Service**

**I HEREBY CERTIFY** that on April 20, 2024, a true and correct copy of the foregoing, was served electronically via Email and by US Mail on April 22, 2024 upon:

Bethany Benes, Esquire
Bethune Benes, PLLC
3975 Fair Ridge Drive, South Suite 246
Fairfax, VA 22033
bbenes@bethunebenes.com

Tracey M. Ohm, Esquire
Marc E. Albert, Esquire
Stinson LLP
1775 Pennsylvania Ave, NW, Suite 800
Washington, DC 20006
Tracey.ohm@stinson.com
Marc.albert@stinson.com

/s/ Nancy D. Greene__________________
Nancy D. Greene

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| HARRY KAMIN,<br>Individually and on behalf of BNG Group LLC,<br><br>Plaintiffs,<br>v.<br><br>VALERIA V. GUNKOVA,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 23-01062-BFK |

**VALERIA GUNKOVA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure made applicable to this proceeding pursuant to Bankruptcy Rule and Rule 7034 of the Federal Rules of Bankruptcy Procedure VALERIA GUNKOVA states the following as her objections to the Second Request for Production of Documents served on her by Harry Kamin, individually and derivatively on behalf of BNG Group LLC:

**REQUESTS**

84. All documents and communications obtained by you pursuant to any subpoena issued in this case.

**OBJECTION**: This Request is objected to to the extent it seeks information already produced in the Loudoun Case.

**RESPONSE**: Ms. Gunkova has issued no subpoenas in this case. All prior responsive documents were produced in response to Document Request 1 in the Loudoun Case.

Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

85. All documents and communications obtained by you pursuant to any FOIA request from September 1, 2019 to the present.

**OBJECTION:** This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as the temporal scope is unduly broad as the allegations in the Complaint relate to 2020 and 2021.

**RESPONSE**: Ms. Gunkova has issued no FIOA requests in this case. All prior responsive documents were produced in response to Document Request 1 in the Loudoun Case. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

86. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 6.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11 and 12 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

87. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 7.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 7, 11, 12, and 13 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon

information and belief, no additional documents have been located or created responsive to this Request since that time.

88. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 8.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11 and 12 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

89. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 9.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11 and 12 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

90. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 10.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also

objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12, and 28 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

91. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 11.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the

disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11 and 12 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

92. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 12.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to

information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 32 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

93. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 13.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 31 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

94. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 14.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 29 in the Loudoun County Case. See, also documents produced as part of the November

22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

95. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 15.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 30 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon

information and belief, no additional documents have been located or created responsive to this Request since that time.

96. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 16.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 46 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

97. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 18.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the

extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 32 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

98. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 19.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly

broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 32 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

99. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 20.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of Atlantic Union Bank. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 32 in the Loudoun County Case. See, also documents produced as part of the November

22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

100. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 21.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of Atlantic Union Bank. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 32 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

101. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 22.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of Atlantic Union Bank. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12 and 32 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

102. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 23.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also

objected to as it seeks third-party records, namely the records of Atlantic Union Bank. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, and 12 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

103. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 24.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of Atlantic Union Bank. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to

as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including including #ss 4, 11, 12, 24 and 25 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

104. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 25.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12, 13, and 63 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

105. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 26.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12, 13,

and 63 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

106. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 27.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12, 13, and 63 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation

of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

107. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 28.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely the records of Atlantic Union Bank. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 4, 11, 12, 13, and 63 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

108. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 29.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including including #ss 4, 11, 12, and 13 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

109. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 30.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE:** See Response to 108.

110. All documents, communications, and ESI relating to the document attached the Complaint as Exhibit 31.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE:** See response to 108.

111. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 32.

OBJECTION: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE:** See Response to 108.

112. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 33.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work

product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE:** See Response to 108.

113. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 34.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: See Response to 108.

114. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 35.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG has a

Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: See Response to 108.

115. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 36.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: See Response to 108.

116. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 37.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: See Response to 108.

117. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 38.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

118. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 39.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: See Response to 108.

119. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 40.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Strkyer and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to

information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 55, 63, 64, in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

120. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 41.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 55, 63, 64, in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

121. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 42.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 55, 63, 64, in the Loudoun County Case. See, also documents produced as part of the

November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

122. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 43.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Lang Realty and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 55, 63, 64, in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document

Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

123. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 44.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Stryker and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 55, 56, 63, 64 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

124. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 45.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Stryker and BNG where BNG has a Chief Restructuring Officer in place and Ms. Gunkova was ordered to turn over all BNG records in her possession to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 55, 56, 63, 64, 97 and 99 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

125. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 46.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of First Bank Financial Center. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 55, 56, and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

126. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 47.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This

Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

127. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 48.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Atlantic Union Bank and Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to

the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

128. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 49.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55,

56, 72 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

129. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 50**.**

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document

Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

130. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 51.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72, 83 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

131. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 52.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Eagle Bank and Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72, 83 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

132. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 53.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the

extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72, 83 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

133. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 54.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege

and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72, 83 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

134. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 55.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72, 83 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

135. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 56.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Eagle Bank and Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 72, 83 and 97 in the Loudoun County Case. See, also documents produced as part of

the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

136. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 57.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Eagle Bank and Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 55, 56, 72, 83 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document

Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

137. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 58.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of ELEX Group, Eagle Bank, and Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 56, 60, 62, 72, 74, 75, 83 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

138. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 59.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Eagle Bank and Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 25, 26, 55, 72, 74, and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

139. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 60.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of SNB Billing & Services Inc. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 55, 72, 74 and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

140. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 61.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of the Small Business Association, DocuSign, and Sterling Investment, where Sterling has filed its own Bankruptcy Petition.

This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 55, 63, 64, 85, and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

141. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 62.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of the Small Business Administration, DocuSign, and SNB Billing & Services. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 55, 63, 64, 85, and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

142. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 63.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of the Small Business Association. DocSign and MNAP Medical Solutions Inc. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 55, 63, 64, 85, and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation

of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

143. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 64.

**OBJECTION**: This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of the Small Business Association. DocSign and MNAP Medical Solutions Inc. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 55, 63, 64, 85, and 97 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

144. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 65.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of the Stryker and BNG of which BNG has a Chief Restructuring Officer and Ms. Gunkova was ordered to turn over BNG's records to the CRO. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, See response to Request 124. In further answering, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 55, 56, 63, 64, 97 and 99 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

145. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 66.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of US Business Funding, Hello Sign, and Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 25, 26, 55, 56, 63, and 64 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

146. All documents, communications, and ESI relating to the document attached to the Complaint as Exhibit 67.

**OBJECTION:** This Request is objected to as it seeks information designed to needlessly increased the costs of litigation in this case. This Request is objected to to the extent it seeks information already produced in the Loudoun Case. This Request is also objected to as it seeks third-party records, namely those of Sandy Spring Bank and Skin Logic/Aria, where Aria has filed its own Chapter 11 Petition and has a Chief Restructuring Officer in place. This Request is further objected to as it seeks the disclose of information protected by the attorney-client privilege and attorney work product doctrine. This Request is also objected to as the scope is overly broad as it is not limited to information related to the allegations in this case but all documents ever submitted which is unduly broad and burdensome.

**RESPONSE**: Without waiving the above objections, see documents previously produced in response to Request for Production of Documents including #s 11, 12, 25, 26, 55, 56, 63, and 64 in the Loudoun County Case. See, also documents produced as part of the November 22, 2022, December 14, 2002 and December 16, 2022, forensic investigation of Ms. Gukova's, Aria's and BNG's computers, various USB devices and SSD hard drives. See also, Defendant's May 15, 2023 Supplemental Responses to Document Requests. Upon information and belief, no additional documents have been located or created responsive to this Request since that time.

**Respectfully submitted,**

**VALERIA GUNKOVA**
**By Counsel**
Respectfully Submitted,

/s/ Nancy D. Greene
Nancy D. Greene, VSB 38984
N D Greene PC
3977 Chain Bridge Rd, Suite 1
Fairfax, VA 22030
T. (703) 539-0333/ F. (703) 935.4294
ndg@ndglaw.com

**Certificate of Service**

**I HEREBY CERTIFY** that on May 14, 2024, a true and correct copy of the foregoing, was served electronically via US MAIL and Email upon:

Bethany Benes, Esquire
Bethune Benes, PLLC
3975 Fair Ridge Drive, South Suite 246
Fairfax, VA 22033
bbenes@bethunebenes.com

Tracey M. Ohm, Esquire
Marc E. Albert, Esquire
Stinson LLP
1775 Pennsylvania Ave, NW, Suite 800
Washington, DC 20006
Tracey.ohm@stinson.com
Marc.albert@stinson.com

/s/ Nancy D. Greene
Nancy D. Greene